# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| MICHELLE L.,[1] | : Case No. 1:22-cv-00578 |
| Plaintiff, | : |
| vs. | : Magistrate Judge Caroline H. Gentry |
| | : (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

## DECISION AND ORDER

Plaintiff filed an application for Supplemental Security Income (SSI) on October 18, 2019. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, Administrative Law Judge (ALJ) Peter J. Boylan concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. For the reasons set forth below, this Court REVERSES the Commissioner's decision and REMANDS for further proceedings.

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

I.     **BACKGROUND**

Plaintiff initially filed applications for Disability Insurance Benefits (DIB) and SSI on October 4, 2016. After the claims were denied at the initial and reconsideration levels, ALJ David A. Mason, Jr. issued an unfavorable decision on December 24, 2018. (AR, Doc. No. 8-3 at PageID 112-34.)

Plaintiff filed a new SSI application on October 18, 2019 and asserted that she has been under a disability since July 1, 2009.[2] At that time, she was forty-four years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 416.963(c). Plaintiff has a "high school education and above." *See* 20 C.F.R. § 416.964(b)(4).

The evidence in the Administrative Record ("AR," Doc. No. 8) is summarized in ALJ Boylan's decision ("Decision," Doc. No. 8-2 at PageID 49-71), Plaintiff's Statement of Errors ("SE," Doc. No. 10), and the Commissioner's Memorandum in Opposition ("Mem. In Opp.," Doc. No. 12). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

II.     **STANDARD OF REVIEW**

The Social Security Administration provides SSI to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means

---

[2] Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. Thus, the relevant period of consideration in this case begins on October 18, 2019. *See* 20 C.F.R. § 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 Fed. Appx. 466, 478 (6th Cir. 2016) ("For purposes of SSI, which is not retroactive, the relevant period here is . . . the date [Plaintiff] filed his protective application.").

2

"the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "[W]hether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted). This standard "presupposes that there is a zone of choice within which

3

the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). Thus, the Court may be required to affirm the ALJ's decision even if substantial evidence in the record supports the opposite conclusion. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

**III.    FACTS**

    **A.    The ALJ's Factual Findings**

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. The ALJ made the following findings of fact:

    Step 1:    Plaintiff has not engaged in substantial gainful activity since October 18, 2019, the application date.

Step 2: She has the severe impairments of hypertension, inflammatory bowel disease, sleep-related breathing disorder, obesity, depression, and anxiety.

Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 C.F.R. § 416.967(b), subject to the following limitations: "[S]he can only stand and/or walk a total of four (4) hours in an eight (8) hour work day and only thirty (30) minutes at a time. She is limited to sitting up to six (6) hours in an eight (8) hour work day and only one (1) hour at a time, with the need to get up and move about two (2) or three (3) minutes while remaining on task after thirty (30) minutes of sitting. She must avoid uneven or rough terrain or slippery walking surfaces. She [is] limited to no more than occasional verbal communication. She is limited to frequent bilateral use of upper extremity controls. She is limited to occasional ramps and stairs with a handrail. She can never climb ladders, ropes or scaffolds. She is limited to occasional balancing, stooping, kneeling, crouching and crawling. She is limited to frequently handling, fingering and feeling with the bilateral upper extremities. She can have no concentrated exposure to fumes, odors, dusts, gases, and poorly ventilated areas or pulmonary irritants. She can have no exposure to workplace hazards, including unprotected heights or operational control of dangerous moving machinery. She is limited to simple, routine, repetitive tasks and free of fast[-]pace production requirements. She is limited to simple work[-]related decisions with few, if any work place changes. She is limited to occasional contact with co-workers and supervisors. She is limited to occasional and superficial interaction with the public. Superficial is defined as no tandem tasks and no conflict resolution. She is limited to work in environments with only moderate noise levels, such as typically found in an office and must avoid work in an environment with loud or very loud noise levels, such as heavy traffic or a jackhammer. She would be off task up to 8 percent of the workday."

She is unable to perform any of her past relevant work.

> Step 5: Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform.

(Decision, Doc. No. 8-2 at PageID 54-66.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 66.)

### B. The ALJ's Decision

ALJ Boylan stated that the applicable Social Security Acquiescence Rulings required him to adopt the findings in ALJ Mason's decision "in the absence of new and material additional evidence or changed circumstances." (Decision, Doc. No. 8-2 at PageID 54 (citing Social Security Acquiescence Rulings 98-3(6) and 98-4(6); *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997) and *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990)).

ALJ Boylan summarized Plaintiff's newly submitted medical evidence regarding her impairments. (Decision, Doc. No. 8-2 at PageID 59-63.) He concluded that there was "no new and material evidence to show that [Plaintiff's] impairments and symptoms have materially changed, thus, the findings of the prior decision are adopted as a Drummond precedent." (*Id*. at PageID 58-59.) ALJ Boylan also considered and found persuasive the opinions of the State agency medical and psychological consultants who adopted ALJ Mason's prior RFC, reasoning that no new evidence changed the prior ALJ's decision. (*Id.* at PageID 63-64.) However, ALJ Boylan "further defined and reworded" ALJ Mason's RFC to better accommodate Plaintiff's limitations. (*Id.* at PageID 57-58 & 64.)

6

IV.     **LAW AND ANALYSIS**

Plaintiff alleges just one error: The ALJ "erred in applying *Drummond*, as there are new and changed circumstances to show that [Plaintiff's] impairments and symptoms have materially changed since the prior ALJ decision." (SE, Doc. No. 10 at PageID 3831.) Plaintiff argues that the record contains "new and material evidence" that post-dates the prior ALJ decision, and that ALJ Boylan therefore should not have adopted the findings in that decision. (*Id.* at PageID 3832-33.)

Defendant contends that ALJ Boylan properly found that there was no new and material evidence under *Drummond*. (Mem. In Opp., Doc. No. 12 at PageID 3842.) Additionally, Defendant asserts that "the ALJ properly reviewed the updated medical records and gave Plaintiff's application a 'fresh review' pursuant to *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 934 (6th Cir. 2018)." (*Id.*)

For the reasons discussed below, the Court finds that the ALJ did not provide the fresh review required by *Earley*. Therefore, the ALJ's decision shall be reversed and remanded.

A.     **The ALJ Erred When Considering The Prior ALJ's Findings**

Prior to 2018, the leading Sixth Circuit case on the application of res judicata to claims for Social Security benefits was *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997). The *Drummond* court broadly held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* at

7

842 (citations omitted). The SSA issued an Acquiescence Ruling that applies the *Drummond* holding to all administrative proceedings in the Sixth Circuit:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim . . . unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or ruling affecting the finding or the method for arriving at the finding.

SSAR 98-4(6), 63 Fed. Reg. 29,771, 29,773, 1998 WL 283902, 1998 SSR LEXIS 5, at *3 (June 1, 1998). ALJ Boylan cited and relied upon this SSAR in his decision.

Several years ago, however, the Sixth Circuit limited the scope of *Drummond*. In *Earley v. Commissioner of Social Security,* 893 F.3d 929 (6th Cir. 2018), the court explained that "unusual facts" in *Drummond* had "led to some overstatement" about res judicata. *Id*. at 933. The court acknowledged that res judicata only precludes bringing the same claim again—and further acknowledged that a claim of disability during a later time period is different from a claim of disability during an earlier time period. *Id*. The Sixth Circuit reasoned that "human health is rarely static. . . . Sometimes we become sick and sometimes we become better as time passes." *Id*. Thus, "[a]ny earlier proceeding that found or rejected the onset of a disability could rarely, if ever, have 'actually litigated and resolved' whether a person was disabled at some later date." *Id*.

Clarifying its standard in *Drummond*, the *Earley* court held that "[a]n individual may file a second application—for a new period of time—for all manner of reasons and obtain independent review of it so long as the claimant presents evidence of a change in condition or satisfies a new regulatory threshold." *Earley*, 893 F.3d at 932. The court

8

explained that although "an applicant remains free to bring a second application that introduces no new evidence or very little new evidence after a failed application. . . . she should not have high expectations about success" because "[w]hat's past likely will be precedent in that setting." *Id*. at 933-34. Cautioning that "[f]resh review is not blind review," the Sixth Circuit held that "it is fair for an [ALJ] to take the view that, ***absent new and additional evidence, the first [ALJ's] findings are a legitimate, <u>albeit not binding</u> consideration***[.]" *Id.* at 933-34 (emphasis added).

Therefore, *Earley* held that an ALJ who adjudicates a subsequent application for benefits for a later time period should conduct a "fresh review" and may[3] consider, but will not be bound by, a prior ALJ's decision to deny benefits for an earlier time period. The question that *Earley* did not address, and that district courts have grappled with, is whether ALJs may ***presume*** that a decision that a claimant was not disabled during an earlier time period remains true for later time periods—and simply analyze whether the newly submitted evidence or a new regulatory threshold rebuts that presumption.

In accordance with the decisions of other judges in this district, the undersigned concludes that the "fresh review" mandated by *Earley* does not permit ALJs to presume that the prior denial of a disability claim will dictate the outcome of later applications for benefits. *E.g., Amber G. v. Comm'r of Soc. Sec.*, No. 3:23-cv-41, 2023 U.S. Dist. LEXIS 146969, *11 (S.D. Ohio Aug. 21, 2023) (Vascura, M.J.); *Nadia A.T. v. Comm'r of Soc.*

---

[3] Although *Earley* does not require ALJs to consider prior ALJ decisions, district courts within the Sixth Circuit "have consistently and repeatedly remanded cases where an ALJ failed to acknowledge or discuss a prior disability determination." *Showman v. Berryhill*, No. 1:17-cv-02017, 2018 U.S. Dist. LEXIS 144461, *27 (N.D. Ohio Aug. 9, 2018).

9

*Sec.*, No. 3:22-cv-12, 2023 U.S. Dist. LEXIS 39397, *10-12 (S.D. Ohio Mar. 7, 2023) (Silvain, M.J.); *Maynard v. Comm'r of Soc. Sec.*, No. 2:18-cv-959, 2019 U.S. Dist. LEXIS 124239, *16-19 (S.D. Ohio July 25, 2019) (Jolson, M.J.).

A presumption is "[a] legal inference or assumption that a fact exists because of the known or proven existence of some other fact or group of facts." Black's Law Dictionary (11th ed. 2019). Although the Sixth Circuit anticipated that ALJs would consider prior unfavorable decisions—and predicted that "[w]hat's past likely will be precedent" for claimants who do not offer new evidence to support later applications—it did not direct ALJs to assume that if benefits were denied in the past, they will also be denied in the future. *Earley*, 893 F.3d at 933-34. To the contrary, because "human health is rarely static," the Sixth Circuit held that a disability application for a later time period constitutes a different claim (and, therefore, res judicata does not apply). *Id*. at 933. The Sixth Circuit's reasoning—that "sometimes we become sick and sometimes we become better" (*id*.)—confirms that ALJs should not presume that the denial of a prior application means that later applications should also be denied.

Thus, this Court holds that although ALJs may (and should) consider a prior ALJ decision, they may not use that prior decision as a starting point for their analysis or otherwise presume that it will dictate the outcome of the pending application. *See, e.g., Ferrell v. Berryhill*, No. 1:16-CV-00050, 2019 WL 2077501, at *5 (E.D. Tenn. May 10, 2019) ("The point of *Earley*, in this Court's opinion, is that regardless of her chances of success, an applicant should have the opportunity for a full hearing, with no presumptions applied, when the claim covers a new period of time not addressed in the prior hearing.");

10

*Dunn v. Comm'r of Soc. Sec.*, No. 1:17-CV-634, 2018 WL 4574831, at *3 (W.D. Mich. Sept. 25, 2018) ("In performing this analysis, ALJ Jones' decision was essentially a review of ALJ Moscow Michaelson's RFC findings . . . rather than a 'fresh review' of plaintiff's 'new application for a new period of time.'"); *Gale v. Comm'r of Soc. Sec.*, No. 1:18-CV-859, 2019 WL 8016516, at *5 (W.D. Mich. Apr. 17, 2019), *report and recommendation adopted*, No. 1:18-CV-859, 2020 WL 871201 (W.D. Mich. Feb. 21, 2020) ("In sum, *Earley* stands for the proposition that when an ALJ evaluates a subsequent application for benefits, covering a distinct period of time, the ALJ can properly consider a previous ALJ's RFC assessment and errs only when he considers the previous RFC a mandatory starting point for the analysis."); *Dilauro v. Comm'r of Soc. Sec.*, No. 5:19 CV 2691, 2020 WL 9259708, at *10 (N.D. Ohio Nov. 19, 2020), *report and recommendation adopted*, No. 5:19-CV-2691, 2021 WL 1175415 (N.D. Ohio Mar. 29, 2021) (finding that the ALJ erred by presuming that the prior RFC remained accurate and reviewing the new medical evidence from that perspective).

    **B.**    **The ALJ Did Not Conduct The "Fresh Review" Required By *Earley***

Plaintiff's application covers a period of time (October 18, 2019 to November 02, 2021) that the prior ALJ did not consider. Plaintiff submitted new evidence about her impairments during this period. The ALJ reviewed and provided a detailed summary of this new evidence. (*See* Decision, Doc. No. 8-2 at PageID 59-63.) Nevertheless, the ALJ applied the wrong legal standard when considering the new evidence submitted for this time period, thus depriving Plaintiff of the "fresh look" required by *Earley*.

It is plain that ALJ Boylan did not simply view ALJ Mason's prior decision as a "legitimate, albeit nonbinding consideration," but instead used it as the basis for his own analysis. *Earley*, 893 F.3d at 933. ALJ Boylan stated that he was "bound" by the findings of the previous decision "in the absence of new and additional evidence or changed circumstances." (Decision, Doc. No. 8-2 at PageID 58-59.) He adopted the prior ALJ's findings "as a *Drummond* precedent" because he found "no new and material evidence to show that [Plaintiff's] impairments and symptoms have materially changed." (*Id.* at PageID 59.) The ALJ's reasoning shows that he did not give Plaintiff the benefit of a fresh review, without the application of any presumption. Since the ALJ applied the incorrect legal standard, remand is warranted. *Earley*, 893 F.3d at 934.

### C. The ALJ's Error Is Not Harmless

Defendant argues that even if the ALJ applied the wrong legal standard, the error is harmless because "substantial evidence supports the ALJ's RFC determinations." (Mem. in Opp., Doc. No. 12 at PageID 3848.) But an error of law requires reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018). In *Earley*, for example, the Sixth Circuit required a remand without considering whether the outcome under the correct standard would be different. 893 F.3d at 934 ("The ALJ should have another opportunity to review the application under the correct standard."). Here, too, the appropriate remedy is a remand.

## VI. REMAND

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that

12

shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746.

Under Sentence Four of 42 U.S.C. § 405(g), the Court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should further develop the record as necessary and evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law, particularly under the standard in *Earley*. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for SSI should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. No. 10) is GRANTED;

2. The Court REVERSES the Commissioner's non-disability determination;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case is terminated on the Court's docket.

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge
